# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MICHAEL G. COFFEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. CIV-18-244-RAW-SPS |
| ) | |
| **COMMISSIONER of the Social** ) | |
| **Security Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

The claimant Michael G. Coffey requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the Commissioner's decision should be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the

national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight."

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that he lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account his age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

*Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

### Claimant's Background

The claimant was fifty-three years old at the time of the administrative hearing (Tr. 26, 143). He completed high school and has worked as a heat and air conditioner technician (Tr. 19, 181). The claimant alleges inability to work since May 31, 2016, due to his back, shoulders, and neck (Tr. 180).

### Procedural History

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, on June 17, 2016. His application was denied. Following an administrative hearing, ALJ Susan W. Conyers found that the claimant was not disabled in a written opinion dated August 17, 2017 (Tr. 11-21). The Appeals Council denied review, so the ALJ's written opinion is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. § 404.981.

### Decision of the Administrative Law Judge

The ALJ made her decision at step five of the sequential evaluation. She found that the claimant had the ability to perform light work as defined in 20 C.F.R. § 404.1567(b), but that he could only occasionally stoop, kneel crouch, and crawl (Tr. 16). The ALJ concluded that although the claimant could not return to his past relevant work, he was not disabled because there was work he could perform, *i. e.*, service dispatcher and calibration tech (Tr. 19-20).

## Review

The claimant contends that the ALJ erred by failing to properly weigh the opinion of his treating physician, Dr. Robert Remondino. This contention is not persuasive, and the decision of the Commissioner should therefore be affirmed.

The ALJ found the claimant had the severe impairments of disorders of the spine (thoracic spine, lumbar spine, status post 360 degrees L4/L5 and L5/S1 discectomy and fusion), history of lumbar fusion 2008, and obesity, as well as the nonsevere impairments of hypertension and anxiety (Tr. 13-14). The relevant medical evidence reflects that the claimant underwent L4/L5 and L5/S1 anterior lumbar interbody fusion and L4 to sacral posterolateral/facet fusion with placement of Spire intersegmental fixation plate and L5/S1 facet screws (Tr. 314-323). On February 22, 2016, the claimant's neurosurgeon Dr. Robert Remondino released the claimant to work on March 8, 2016, with a 10-pound weight limit restriction, along with a restriction of no bending or stooping (Tr. 372).

Additional follow-up notes reflect that on April 25, 2016, the claimant had developed unusual postoperative pain with stiffness and discomfort in both lower extremities, but an extensive workup had revealed no significant findings and he was prescribed steroid treatment which he did "very well" with (Tr. 374). On that day, he was released to work with restrictions of no lifting, pushing, or pulling more than *twenty-five pounds*, with limited bending, twisting, lifting, and stooping (Tr. 274). On June 30, Dr. Remondino again saw the claimant, noted the history of unusual postoperative pain but stated that the claimant had overall made satisfactory progress. He stated that the claimant could return to work at a light-duty status with a *twenty-pound* weight limit (Tr. 378). On

September 29, 2016, Dr. Remondino's treatment notes reflect that the claimant reported a history of, *inter alia* weight gain, leg pain at rest and with exertion, muscle pain, neck pain, back pain, painful joints, and joint stiffness, but that the claimant's pain on that day was a 3 out of 10 (Tr. 455-456). Additionally, Dr. Remondino's notes under "Pain Assessment" indicate that the claimant's pain was in the low back and only occasional in nature, with a quality of being an ache. He recommended follow up as needed (Tr. 456). Notes that same day from Dr. Remondino's physician's assistant also set forth the claimant's report of persistent back pain despite overall satisfactory progress, noting that some of the pain may be due to a need for hardware removal. They decided to maintain the status quo at that time (Tr. 486). On November 26, 2019, Dr. Remondino completed at least part of a form for Mutual of Omaha regarding the claimant's restrictions (the page numbers of the form suggest that the entire form was not made part of the medical record in this case). On the form, he indicated that the claimant was limited to ten pounds lifting/carrying/pushing/pulling (Tr. 497). He cited persistent back pain that made it difficult for the claimant to sleep, and that a CT scan was needed to evaluate possible hardware removal. This form also recited the same note as in previous records - that the claimant had unusual postoperative pain with stiffness and discomfort in both lower extremities, and that he had an extensive workup with no significant findings and had done well with steroids (Tr. 498).

State reviewing physicians determined that the claimant was capable of performing the full range of light work with no additional limitations (Tr. 57-58, 70-71).

In her written opinion, the ALJ discussed the claimant's hearing testimony, as well as the evidence in the record.  As relevant, the ALJ noted the claimant's surgical history from 2008 and 2016, as well as post-operative follow-up treatment notes in 2016.  She then assigned "some weight" to the opinions of the state reviewing physicians but found that the additional limitations of only occasional stooping, kneeling, crouching, and crawling should be applied.  As to Dr. Remondino's opinions in the record, she noted the restrictions to light work on April 25, 2016 and June 30, 2016, giving them great weight, but giving no weight to the November 21, 2016 opinion restricting the claimant to 10-pound lifting/pushing/pulling.  In support, she noted it was inconsistent with Dr. Remondino's examinations of the claimant, which included good positioning, doing well since a round of steroids for stiffness, and satisfactory progress even with some post-operative pain with stiffness and discomfort in bilateral lower extremities (Tr. 19).  She thus concluded that the above RFC appropriately reflected the claimant's limitations (Tr. 19).

The claimant asserts that the ALJ erred in assessing Dr. Remondino's varying opinions.  The undersigned Magistrate Judge finds no error here.  The ALJ was required to give Dr. Remondino's opinion controlling weight if it was "well-supported by medically acceptable clinical and laboratory diagnostic techniques . . . [and] consistent with other substantial evidence in the record."  *Langley v. Barnhart,* 373 F.3d 1116, 1119 (10th Cir. 2004), *quoting Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir. 2003).  Even if the ALJ did conclude that his opinion was not entitled to controlling weight, she was nevertheless required to determine the proper weight to give it by analyzing the factors set forth in 20 C.F.R. § 404.1527.  *Id.* at 1119 ("Even if a treating physician's opinion is not

-6-

entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [§] 404.1527."), *quoting Watkins,* 350 F.3d at 1300. Those factors are: (i) the length of the treatment and frequency of examinations, (ii) the nature and extent of the treatment relationship. (iii) the degree of relevant evidence supporting the opinion, (iv) the consistency of the opinion with the record as a whole, (v) whether the physician is a specialist, and (vi) other factors supporting or contradicting the opinion. *Watkins*, 350 F.3d at 1300-01, *citing Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001). And if the ALJ decided to reject any of Dr. Remondino's medical opinions entirely, she was required to "give specific, legitimate reasons for doing so[,]" *id.* at 1301, so it would be "clear to any subsequent reviewers the weight the [ALJ] gave to the treating source's medical opinion and the reasons for that weight." *Id.* at 1300, *citing* Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5 (July 2, 1996).

Here, the ALJ's treatment of the medical evidence and Dr. Remondino's varying opinions in this case meets these standards. The ALJ considered his three opinions in accordance with the proper standards and concluded that the first two were entitled to great weight, and the third entitled to no weight as the third opinion was based on no change in findings upon examination, and further reflected satisfactory progress (rather than a regression). The undersigned Magistrate Judge therefore finds that the ALJ *did properly consider* Dr. Remondino's opinions in accordance with the appropriate standards and properly concluded that the third opinion was not entitled to any weight.

The ALJ specifically noted every medical record available in this case, gave reasons for her RFC determination and ultimately found that the claimant was not disabled. *See*

*Hill*, 289 Fed. Appx. 289, 293 (10th Cir. 2008) ("The ALJ provided an extensive discussion of the medical record and the testimony in support of his RFC finding. We do not require an ALJ to point to 'specific, affirmative, medical evidence on the record as to each requirement of an exertional work level before [he] can determine RFC within that category.'"), *quoting Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004). This was "well within the province of the ALJ." *Corber v. Massanari*, 20 Fed. Appx. 816, 822 (10th Cir.2001) ("The final responsibility for determining RFC rests with the Commissioner, and because the assessment is made based upon all the evidence in the record, not only the relevant medical evidence, it is well within the province of the ALJ."), *citing* 20 C.F.R. §§ 404.1527(e)(2); 404.1546; 404.1545; 416.946. The essence of the claimant's appeal is that the Court should reweigh the evidence and reach a different result, which the Court simply may not do. *See, e. g., Casias*, 933 F.2d at 800. Accordingly, the decision of the Commissioner should be affirmed.

## Conclusion

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were applied by the ALJ, and the Commissioner's decision is therefore legally correct. The undersigned Magistrate Judge thus RECOMMENDS that the Court AFFIRM the decision of the Commissioner. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 3rd day of September, 2019.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**